FREEMAN GUILLORY V. STATE.

No. 25,944. June 28, 1952.

Hon. F. W. Hustmyre, Judge Presiding.

*W. P. Sexton,* Orange, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Murder is the offense; the punishment, fifteen years in the penitentiary.

The state's testimony showed an unprovoked and unjustified killing, with antecedent threats on the part of the appellant toward the deceased.

The testimony for the appellant showed a killing in self-defense from an actual as well as apparent attack, with direct and communicated threats on the part of the deceased.

In view of the questions presented for review, the foregoing is deemed a sufficient statement of the facts.

Upon cross-examination of the appellant, state's counsel questioned him as to whether, in 1947, the deceased had not appeared as a witness against him in a trial upon some character of case. Appellant was either evasive or did not understand the questions propounded by state's counsel, and did not make direct

answers thereto. He neither admitted nor denied that the deceased had, about five years prior to the killing, appeared as a witness against him upon a trial.

Under these facts, the state called as a witness a deputy district clerk and proved by her that, in 1947, an indictment was returned against appellant upon which deceased was listed as a witness for the state and that, in 1950, a subpoena was served on the deceased as a witness in the case. There was no testimony that the deceased did testify as a witness upon the trial of the case.

Appellant objected to the testimony of the deputy district clerk, insisting that the state was thereby placing before the jury proof of the accusation by indictment against the appellant upon which no final conviction was shown to have occurred, and that, therefore, the receipt in evidence of the testimony violated Art. 732a, Vernon's C. C. P.

Said Art. 732a, Vernon's C. C. P., reads as follows:

"The fact that a defendant in a criminal case, or a witness in a criminal case, is, or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on probation and the period of probation has not expired.

There is no question but that, by this statute, proof merely that the accused is under or has been charged by indictment is not admissible as direct testimony.

The evidence here objected to went further than to show that appellant had been indicted, and in addition thereto tended to show a motive, ill-will, or intent against the deceased by appellant. The opinion is expressed that the testimony was admissible for that purpose. See Fritts v. State, 119 Tex. Cr. R. 412, 42 S. W. 2d 609, and authorities there cited.

The conclusion is expressed, therefore, that Art. 732a, Vernon's C. C. P., does not prohibit the introduction of or a refer-

ence to a pending indictment against an accused where proof of such facts tends to establish or is admissible upon some issue in the case and not introduced merely for impeachment purposes.

Appellant contends that his bill of exception #1 reflects error in that he was not permitted to prove by a member of the police department that, some time prior to the killing, he "took a Texas jackknife off of Albert LeBlanc (deceased) who told me that he was after Freeman Guillory with a knife."

The trial court, by his qualification to the bill of exception, expressly refused to approve the statement that the witness would testify as above set out and certified that the witness would not so testify.

Appellant accepted the bill of exception as thus qualified, and is bound thereby.

When the quoted testimony is removed from the bill, nothing is presented for review. It is apparent, therefore, that the trial court's qualification to the bill destroyed it.

The matters discussed are those briefed by the appellant. We have, nevertheless, examined the other bills of exception appearing in the record, and they are overruled without discussion.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.